■ THESHA FABRICIUS et al., Respondents, v COUNTY OF BROOME et al., Appellants. [804 NYS2d 510]—

Crew III, J. Appeal from an order of the Supreme Court (Hester, Jr., J.), entered February 14, 2005 in Broome County, which denied defendants' motion for summary judgment dismissing the complaint.

During the fall of 2002, plaintiff Thesha Fabricius (hereinafter plaintiff) was enrolled as a student at Broome Community College and was taking an English course taught by defendant Steven N. Latzo. At one class session, Latzo utilized the game of soccer as an example of a communal activity utilized by the former Soviet Union to exemplify team as opposed to individual achievement. Latzo conducted a soccer game during a class session the following week and, according to plaintiff, all students in the class were required to participate in the game or forfeit a quiz grade and receive a zero. Latzo denies compelling students to participate. Plaintiff, then 45 years old, attended the game and, while attempting to kick the ball, fell and sustained a torn anterior cruciate ligament. Plaintiff and her husband, derivatively, then commenced this negligence action. Following joinder of issue, defendants moved for summary judgment based upon plaintiff's assumption of the risk. Supreme Court denied the motion and this appeal ensued.

We affirm. In order for assumption of the risk to be a viable defense, participation in the event at issue must be voluntary (*see Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 658 [1989]). Here, plaintiff asserts that she was compelled to participate in the game, an assertion that is denied by defendants. Accordingly, there exists a question of fact as to whether plaintiff was compelled to participate, as well as whether her compliance with Latzo's alleged directive was reasonable (*see Verduce v Board of Higher Educ. in City of N.Y.*, 8 NY2d 928 [1960], *revg on dissenting op below* 9 AD2d 214, 216 [1959]). Finally, we reject defendants' contention that they are entitled to summary judgment on the issue of negligence, as they made no prima facie showing of such entitlement on their motion.

Mercure, J.P., Peters, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, with costs.